THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FLORENCE SCHAEFER, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, October 8, 1934.

*Samuel Goldstein,* for the appellant.

*Samuel J. Foley, District Attorney* [*Richard Brady* of counsel], for the respondent.

SALOMON, J. From a judgment of conviction had at the Sixth District Magistrates' Court of the Bronx the defendant appeals. Section 106 of the Inferior Criminal Courts Act provides: " Arraignments must be made before magistrate having territorial jurisdiction. Upon the arraignment of a prisoner in any city magistrate's court, other than a night court, a domestic relations court, or a special city magistrates' court, the city magistrate shall first determine whether the offense was committed within the territorial jurisdiction of that court. If not, he shall refuse to proceed with the hearing and shall forthwith order that the prisoner be arraigned at the city magistrate's court which has territorial jurisdiction of the offense with which the prisoner is charged, and shall make written report of all the circumstances of such unlawful arraignment to the chief city magistrate without delay."

An examination of the facts discloses that the offense alleged was committed outside of the territorial jurisdiction of said Magistrate's Court, in fact the Eighth District Court of the Bronx was the proper court in which the case should have been tried.   Under the provisions of section 101 of the Inferior Criminal Courts Act the chief city magistrate may establish consolidated court districts, embracing several ordinary court districts, for the arraignment, examination, hearing, trial and determination of offenses on Saturdays, Sundays and legal holidays, other than days upon which general or primary elections are held, when each court shall be open until the polls close.   An examination of the orders made pursuant to section 101 shows that on March 3, 1934, the order to consolidate the Sixth and Eighth District Courts of the Bronx and permitting cases that should have been tried in the Eighth District Court on Saturdays, Sundays and holidays to be tried in the Sixth District Court was discontinued.

The case at bar was tried on May 27, 1934, at which time the Eighth District Court was in session and the consolidation was no longer in effect.   Because of the provisions of the Inferior Criminal Courts Act, as heretofore set forth, the magistrate had no jurisdiction in the matter and the judgment of conviction must, therefore, be reversed and the complaint dismissed.

Having found that the court had no jurisdiction resulting in reversal of the judgment and the dismissal of the complaint, I feel that it is not necessary to pass on whether or not the facts justify a judgment of conviction.

McINERNEY, P. J., voted to reverse judgment as against the weight of the evidence.